UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
JACQUES RIVETTE,

                           Petitioner,

           v.                                                9:06-CV-1039
                                                                       (DNH)(DRH)
JOSEPH SMITH, Superintendent, Shawangunk
Correctional Facility,

                         Respondent.
_____
APPEARANCES:                             OF COUNSEL:

OFFICE OF FRANCIS A. ALOI           FRANK A. ALOI, ESQ.
980 Westfall Road
Suite 127
Rochester, NY 14618
Counsel for petitioner

DAVID R. HOMER, MAGISTRATE JUDGE

## ORDER

    The Clerk has sent to the Court a petition for a writ of habeas corpus and supporting memorandum of law filed on behalf of Jacques Rivette. Dkt. No. 1. The petitioner is presently confined at Shawangunk Correctional Facility and has paid the filing fee for this action.

    By his habeas petition, the petitioner complains of a judgment of conviction entered in Rensselaer County Court on September 18, 1996, wherein he was found guilty of murder in the second degree and robbery in the first degree and sentenced to a term of twenty-five years to life imprisonment. Dkt. No. 1 at 1. On appeal, the convictions were affirmed by the Appellate Division, Third Department. The Court of Appeals denied leave to appeal on August 31, 2005. *Id.* at 2.

    The petition sets forth fourteen grounds in support of the request for habeas

corpus relief. The petitioner claims, *inter alia*, that the verdict was against the weight of the credible evidence, the prosecution filed to properly safeguard the evidence and failed to disclose information and evidence to the defense, the prosecution engaged in various acts of misconduct, the sentence was unconstitutional, and petitioner received ineffective assistance of trial and appellate counsel. Dkt. No. 1 at 6-48. For a complete statement of the petitioner's claims, reference is made to the petition and supporting memorandum.

Petitioners seeking federal habeas corpus relief under Section 2254 are required to first exhaust their available state court remedies. See *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc) (federal habeas corpus statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies"). In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended various aspects of the statutory regimen governing habeas petitions. As was noted by the Court in *Morris v. Reynolds*, 48 F. Supp. 2d 379 (S.D.N.Y. 1999), pursuant to those amendments, "the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding." *Id.* at 383 (quoting *Duarte v. Hershberger*, 947 F. Supp. 146, 150 (D.N.J. 1996)).

In this case, petitioner states that he filed two state court proceedings on or about August 21, 2006 -- a CPL 440.10 motion in Rensselaer County Court and a petition for a writ of error coram nobis in the Appellate Division, Third Department. According to counsel, both proceedings address the running of the statute of limitations

2

on the robbery conviction and also allege ineffective assistance of trial and appellate counsel based upon the failure to raise the limitations issue at trial or on direct appeal. Dkt. No. 1 at 3.

In spite of the amendments to the habeas statutes, this Court declines to exercise its discretion under § 2254(b) and consider the claims which, by petitioner's own statements, appear to be unexhausted. "[E]nforcing the 'total exhaustion rule' in this context will 'encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" *Morris*, 48 F. Supp. 2d at 384 (quoting *Duarte*, 947 F. Supp. at 150) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

Because petitioner has not fully exhausted the claims asserted in the petition, the Court must consider whether dismissal of this action is appropriate.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] are considerable. In cases such as this, where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela*, that a district court presented with a mixed petition may either dismiss the petition without prejudice or

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

3

retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. If dismissal would "jeopardize the timeliness of a collateral attack," the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to note that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*. The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days. With the time to initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id*. at 381.

In light of *Zarvela*, and in the interest of preserving the viability of petitioner's claims, the Court concludes that dismissal of this action is not appropriate. Rather, further proceedings in this matter are hereby stayed in order that petitioner may promptly pursue his pending state court actions and, if necessary, return to this court after exhaustion is completed.

WHEREFORE, it is hereby

ORDERED, that further proceedings in this matter are stayed on the following terms and conditions: **Within thirty (30) days** of the resolution of petitioner's pending state court proceedings, counsel must so advise the court in writing and request leave to lift the stay. Petitioner's counsel is also directed to provide a copy of the state court

decisions concerning the disposition of those claims, and it is further

ORDERED, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceedings, and it is further

ORDERED, that if petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner's counsel. The Clerk shall also send a copy of this Order to the Attorney General of the State of New York.

IT IS SO ORDERED.

Dated: October 6, 2006
Albany, New York

David R. Homer
U.S. Magistrate Judge