UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUES L. RIVETTE,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>JOSEPH P. SMITH, Superintendent,<br><br>　　　　　　　Respondent. | No. 9:06-cv-01039-JKS<br><br>MEMORANDUM DECISION<br>and ORDER<br>[Motion at Docket No. 23] |

I.  MOTION PRESENTED

At Docket No. 23 Petitioner Jacques L. Rivette, appearing simultaneously through counsel and *pro se*, has filed a Motion for Rule 60(b) Relief and to Enlarge Time to File Notice of Appeal.[1]  Respondent has opposed the motion at Docket No. 24, to which Petitioner has replied at Docket No. 25.

II.  BACKGROUND

On April 23, 2008, this Court entered its Memorandum Decision and Judgment denying Rivette's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  No appeal has been filed from that judgment.  On October 21, 2008, Rivette filed the motion now pending before this Court.

---

[1] The Court is somewhat troubled by the procedural aspects of the pending motion.  The motion indicates that, to the extent it seeks to reopen the time to appeal, it is a *pro se* motion, but it is not signed by Petitioner as required by Fed. R. Civ. P. 11(a).  Contrary to the procedure in New York courts, it is well-settled in this circuit that a party may not proceed in federal courts represented by counsel and simultaneously appear *pro se*.  *United States v. Wolfish*, 525 F.2d 457, 463 & n.2 (2d Cir. 1975) (defendant "had an experienced counsel and, so long as he retained him, he could not appear pro se"); *United States v. Plattner*, 330 F.2d 271, 276 (2d Cir. 1964) (trial judge must instruct defendant seeking to act pro se "that he has the choice between defense by a lawyer and defense pro se"); *United States v. Mitchell*, 137 F.2d 1006, 1010 (2d Cir.) (right to have assistance of counsel and to appear *pro se* "cannot be both exercised at the same time").  This procedural defect notwithstanding, the Court will nevertheless address the motion to reopen the time to appeal on the merits.

III.  APPLICABLE RULES

Federal Rule of Appellate Procedure 4(a) provides in relevant part:

(5) Motion for Extension of Time.

    (A) The district court may extend the time to file a notice of appeal if:

        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4 (a) expires, that party shows excusable neglect or good cause.

    (B) A motion filed before the expiration of the time prescribed in Rule 4 (a)(1) or (3) may be ex parte unless the court requires otherwise.  If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

    (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(6) Reopening the Time to File an Appeal.  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

(7) Entry Defined.

    (A) A judgment or order is entered for purposes of this Rule 4(a):

        (i) if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

        (ii) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: the judgment or order is set forth on a separate document, or 150

days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the validity of an appeal from that judgment or order.

Federal Rule of Civil Procedure 60(b) provides:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

(c) TIMING AND EFFECT OF THE MOTION.

(1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.

### IV.  DISCUSSION

A. **Rule 4(a) Relief**.

Rivette argues that he is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6).  Rivette argues that counsel was retained to represent him only for the habeas proceeding, not with respect to any appeal therefrom.  Therefore, according to Rivette, at the time that counsel received notice of entry of the judgment and forwarded it to him, counsel was no

longer representing him.  Consequently, although counsel received notice under Federal Rule of Civil Procedure 77(d), Rivette did not.  Rivette's argument, while inventive, is not persuasive.

     Rule 4(a)(6) has three prongs that must be met.  Rivette fails to meet the first prong: that he did not receive notice under Rule 77(d) within 21 days of its entry.  Under Rule 77(d)(1) "the clerk must serve notice of the entry, *as provided in Rule 5(b)*, on each party who is not in default for failing to appear." (Emphasis added.)  Rule 5(b)(1) provides that, "[i]f a party is represented by an attorney, service under this rule *must be made on the attorney* unless the court orders service on the party." (Emphasis added.)  It is clear from the record in this case that at the time this Court entered its Memorandum Decision and Judgment, Rivette was represented by counsel in connection with these proceedings.  That fact is undisputed.  It is also undisputed that counsel received and forwarded the Memorandum Decision and Judgment to Rivette within 21 days of its entry.[2]  *Roe v. Flores-Ortega*,[3] cited by Rivette, is inapposite.  *Roe*, an ineffective assistance of counsel case under *Strickland v. Washington*,[4] held that where, as here, counsel consulted with the defendant his performance was "ineffective" only if he failed to follow the defendant's express instructions with respect to an appeal.[5]  Rivette is not entitled to relief under Rule 4(a)(6).[6]

     In his Reply, Rivette offers as further justification that he should be granted relief under Rule 60(b)(6) due to ineffective assistance of counsel.  That is, that the "the default in filing a timely notice of appeal was 'so gross that it is inexcusable.'"  In addition to the fact that there is

---

[2] *See Nichols-Morris Corp. v. Morris*, 279 F.2d 81, 82–83 (2d Cir. 1960) (holding that knowledge of the entry of the judgment by the "managing attorney" of the law firm representing plaintiff who saw the judgment on file was sufficient to start the time running under Rule 77(d)).

[3] 528 U.S. 470 (2000).

[4] 466 U.S. 668 (1984).

[5] 528 U.S. at 478.  *Roe* would not apply here in any event because there is no constitutional right to counsel in a federal habeas proceeding; thus, there can be no constitutionally ineffective assistance. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Wainwright v. Torna*, 455 U.S. 586 (1982) (per curiam).

[6] Rivette does not contend and it does not appear to the court that Rivette is entitled to relief under Rule 4(a)(5).

no constitutional right to assistance of counsel in a federal habeas proceeding, although Rule 60(b)(6) formed a basis for relief prior to the amendment of Appellate Rule 4(a) in 1991, most courts have held that, since its amendment, Rule 60(b) is no longer an appropriate basis for extending the time to appeal under Appellate Rule 4.[7]

B. **Rule 60(b) Relief**.

Rivette relies on the "catch-all" provision of Rule 60(b)(6): "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) confers broad discretion on a trial court to grant relief when "appropriate to accomplish justice."[8] Rivette argues that this court erred in failing to consider the wrong man defense as an assertion of actual innocence rather than in its generalized dismissal of the probative value of the evidence. Rivette's argument could have, indeed should have, been made in a motion for new trial or to amend the judgment under Federal Rule of Civil Procedure 59, or on appeal. Rivette is, in effect, asking the Court to excuse his failure to timely either file a motion under Rule 59 or an appeal from the judgment. This the Court will not do. Rule 60(b)(6) is not to be used as substitute for appeal,[9] and relief under it may only be granted when "exceptional" or "extraordinary" circumstances exist.[10]

---

[7] *See generally* 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3950.3 (Juris. 3d ed.).

[8] *Klapprott v. United States*, 335 U.S. 601, 615, modified on other grounds, 336 U.S. 942 (1949); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 n.2 (2d Cir. 1977); *see generally* 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2864 (Civil 2d ed.).

[9] *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986).

[10] *Compare Klapprott*, 335 U.S. at 613–14 (basis of the petition was not that he had neglected to act in his own defense, but that in jail as he was, weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, disturbed and fully occupied in efforts to protect himself against the gravest criminal charges, he was no more able to defend himself in the New Jersey court than he would have been had he never received notice of the charges) *with Ackermann v. United States*, 340 U.S. 193, 200 (1950) (holding that respondents had not alleged extraordinary circumstances showing that their failure to appeal from the judgments complained of was justifiable so as to authorize relief on grounds other than excusable neglect); *see House v. Secretary of Health and Human Services*, 688 F.2d 7, 9–10 (2d Cir. 1982) (reversing a grant of relief under Rule 60(b)(6) where the grounds formed a basis for opposing the original application but added no "extraordinary circumstances").

## V.  CONCLUSION AND ORDER

Rivette is not entitled to relief under either Federal Rule of Appellate Procedure 4(a) or Federal Rule of Civil Procedure 60(b).

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion for Rule 60(b) Relief and to Enlarge Time to File Notice of Appeal at Docket No. 23 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[11]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

Dated:  November 19, 2008.

          /s/ James K. Singleton, Jr.
          JAMES K. SINGLETON, JR.
          United States District Judge

---

[11] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).